# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: March 28, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| DEE ANN QUANTIE, | * | Unpublished |
| | * | |
| Petitioner, | * | No. 18-610V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Interim request. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Andrew D. Downing,* Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
*Katherine C. Esposito,* U.S. Dept. of Justice, Washington, D.C., for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On January 7, 2022, Dee Ann Quantie ("petitioner') filed a motion for interim attorneys' fees and costs. Petitioner ("Pet.") Interim Fee Motion ("Int. Fee Mot.") (ECF No. 70). For the reasons set forth below, I hereby **GRANT** petitioner's motion, and find an award of $83,009.08 in attorneys' fees and costs to be reasonable.

### I.   Procedural History

Petitioner filed her petition in the National Vaccine Injury Compensation Program[2] ("the program") on April 30, 2018. Petition (ECF No. 1). Petitioner alleged that as a result of receiving the influenza ("flu") vaccine on October 5, 2017, she suffered from a right Shoulder Injury Related to Vaccine Administration ("SIRVA"). *Id.*

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. This means the opinion will be available to anyone with access to the Internet. Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the [opinion]." *Id.* If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to 34 (2012) ("Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On May 6, 2019, respondent filed the Rule 4(c) report, recommending against compensation. Respondent's ("Resp.") Report ("Rept.") (ECF No. 24). Respondent asserted that petitioner's pain and shoulder dysfunction was attributable fat necrosis and not a SIRVA. *Id.* at 6. Respondent also stated that petitioner had not presented evidence to support onset of a right shoulder injury within forty-eight hours of vaccination. *Id.* at 7.

Petitioner filed an expert report written by Dr. Marko Bodor on August 26, 2019. Pet. Exhibit ("Ex.") 20. Petitioner also filed accompanying medical literature. Pet. Exs. 22-26. On October 1, 2019, this case was reassigned to my docket. Order Reassigning Case. Respondent submitted a status report on October 10, 2019, requesting to submit a responsive expert report. Resp. Status Rept. (ECF No. 34).

On January 12, 2020, respondent submitted an expert report from Dr. Geoffrey Abrams. Resp. Ex. A (ECF No. 37). Petitioner filed a responsive supplemental expert report from Dr. Bodor on February 20, 2020. Pet. Ex. 27. Respondent filed a supplemental expert report from Dr. Abrams on May 1, 2020. Resp. Ex. C.

On August 26, 2020, I held a status conference with the parties where I reviewed petitioner's medical records and the expert reports filed by both parties. Scheduling Order (ECF No. 47). After unfruitful settlement discussions, the parties requested that this matter be set for a hearing. Scheduling Order (ECF No. 51). An entitlement hearing was set for November 8-9, 2021. Hearing Order (ECF No. 53).

On September 24, 2021, petitioner filed a pre-hearing brief. Pet. Pre-hearing Brief (ECF No. 55). Respondent submitted his pre-hearing brief on November 3, 2021. Resp. Pre-Hearing Brief (ECF No. 56). An entitlement hearing occurred on November 8, 2021 via remote teleconference.

On December 17, 2021, the parties filed a joint status report requesting that the Court move forward with deciding entitlement in the matter and that post-hearing briefs are not necessary. Joint Status Rept. (ECF No. 68).

On January 7, 2020, petitioner filed the instant motion, requesting a total of $68,628.50 in interim attorneys' fees and $13,380.58 in attorneys' costs. Pet. Int. Mot. at 5. Respondent filed a response to petitioner's motion on January 21, 2022, stating that, "In this case, respondent defers to the special master to determine whether or not petitioner has met the legal standard for an interim fees and costs award," and that "Respondent also defers to the special master regarding whether the statutory requirements for an award of attorney's fees and costs are met in this case." Resp. Response at 2 (ECF No. 71). Respondent requested that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs. *Id.* at 3.

This matter is now ripe for adjudication.

## II. Entitlement on Attorneys' Fees and Costs

### A. Legal Standard

2

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

### B. Interim Awards

The Vaccine Act permits interim attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

In this case, petitioner is requesting a total of $83,009.08 in attorneys' fees and costs, which is above the threshold amount described above. Additionally, an entitlement hearing has occurred, where petitioner had an expert testify. Finally, this case has been pending for over three years in the program. As such, I find that an award of interim attorneys' fees and costs are appropriate at this time.

### III.   Reasonable Attorneys' Fees and Costs

### A. Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

**B. Hourly Rates**

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera,* 515 F. 3d at 1348 (quoting *Blum,* 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriquez v. Sec'y of Health & Hum. Servs.,* 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F.3d at 1349).

Further, the Office of Special Masters has adopted the framework developed in *McCulloch* for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.,* No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Under *McCulloch,* the following factors are "to be considered in determining an appropriate billing rate: the prevailing rate for comparable legal work in the forum of Washington, D.C.; the prevailing rate for cases in the Vaccine Program; the experience of the attorneys in the Vaccine Program; the overall legal experience of the attorneys in the case; and the quality of work performed in vaccine cases." *McCulloch,* 2015 WL 5634323, at 60-61.

Here, petitioner is requesting that her attorneys, Mr. Andrew Downing and Ms. Courtney Van Cott, along with two paralegals, Mr. Robert W. Cain and Ms. Danielle P. Avery, be reimbursed for work performed on her case from 2018-2022. Specifically, petitioner requests that Mr. Downing be reimbursed at a rate of $385.00 per hour for the time specified and that Ms. Van Cott be reimbursed at a rate of $275.00 per hour for the time specified and that for the work performed by Mr. Cain and Ms. Avery be reimbursed at a rate of $135.00 per hour for the same period. These hourly rates are consistent with what Mr. Downing and Ms. Van Cott, and their paralegals, have previously been awarded for their Vaccine Program work, and I therefore find them reasonable. *See, e.g.*, *Colbath v. Sec'y of Health & Hum. Servs.*, No. 17-599V, 2021 WL 1120986, at *2 (Fed. Cl. Spec. Mstr. Feb. 23, 2021); *Dreyer v. Sec'y of Health & Hum. Servs.*, No. 18-764V, 2019 WL 6138132, at *3 (Fed. Cl. Spec. Mstr. Oct. 29, 2019); *Antolick v. Sec'y of Health & Hum. Servs.,* No. 16-1460V, 2020 WL 524776, at *4 (Fed. Cl. Jan. 13, 2020). As such, the rates requested by petitioner will be awarded without adjustment.

### C. Hours Expended

As previously noted, a line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

Petitioner's counsel provided a breakdown of hours billed. Pet. Int. Mot. Ex. A. Based on the invoice, Ms. Downing performed a total of 97.5 hours from 2018-2022 on petitioner's case; Ms. Van Cott performed a total of 68.6 hours; and the paralegals performed a combined total hours of 97.4. *Id.* at 39. Upon review of the invoice submitted with the petitioner's interim fee application, and my knowledge of the proceedings in this case to date, the number of hours expended appear to be reasonable and adequately documented. Therefore, they will be awarded without adjustment.

### D. Costs

Like attorneys' fees, costs incurred-by counsel or petitioners themselves-must be reasonable to be reimbursed by the Program. *Perreira*, 27 Fed. Cl. Ct. 29, 34.

Petitioner requests that her attorney be awarded $13,380.58 in costs. Pet. Int. Mot. at 5. These costs include postage, obtaining medical records, the Court filing fee, copies and retaining an expert. Pet. Int. Mot. Ex. A at 36-39. The bulk of petitioner's costs, $11,750.00 is for costs associated with Dr. Marko Bodor writing two expert reports and testifying at the entitlement hearing. *Id.* Dr. Bodor is requesting an hourly rate of $500.00 per hour for 23.5 hours of work. *Id.* Dr. Bodor has been an expert witness in numerous vaccine cases and his rate of $500.00 per hour has been found reasonable. *See Johnson v. Sec'y of Health & Human Servs.,* No. 17-059V, 2020 WL 7868159, at *4 (Fed. Cl. Spec. Mstr. Nov. 24, 2020). Dr. Bodor's credentials and prior experience testifying in the Program cases merits the requested rate. The other costs petitioner requests reimbursement for are all typical expenses in the program, and as such, petitioner shall be awarded costs in full.

### IV. Conclusion

In accordance with the above, petitioner's motion for interim attorneys' fees and costs is **GRANTED.** Accordingly, I award the following:

**A lump sum in the amount of $83,009.08, representing reimbursement for *interim* attorneys' fees and costs, in the form of a check payable jointly to petitioner and her counsel.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the

Clerk of the Court is directed to enter judgment forthwith.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).